UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CODY HART, *et al.*,

        Plaintiffs,

   v.

SKAGIT COUNTY AUDITOR SANDRA PERKINS, *et al.*,

        Defendants.

CASE NO. 2:23-cv-00404-RSL

ORDER GRANTING THE SKAGIT COUNTY DEFENDANTS' MOTION TO DISMISS AND GRANTING LEAVE TO AMEND

This matter comes before the Court on the Skagit County defendants' "Motion to Dismiss Plaintiffs' Complaint." Dkt. # 11. Plaintiffs filed this lawsuit on March 17, 2023, regarding actions the Skagit County Auditor, Sandra Perkins, and the Skagit County Canvassing Board Members, Ronald Wesen, Lisa Janicki, Erik Pedersen, Melinda Miller, and Richard Weyrich, took or failed to take with regards to the 2016-2019 election cycles. Plaintiffs allege that the Skagit County defendants violated federal and state law "by not properly performing their duties to oversee and conduct legal elections, falsely certif[ying] election results, and then further violat[ing] the law by concealing material facts about their misconduct, betraying their obligation to uphold the Laws of the United States of America and the United States Constitution[,] betraying the public trust[,] and breaching

the condition of their official bond." Dkt. # 1 at ¶ 2. The Skagit County defendants seek dismissal of all of plaintiffs' claims.

Having reviewed the complaint, the documents attached thereto, and the memoranda submitted by the parties, the Court finds as follows:

## BACKGROUND

In the context of a special election held in February 2019, the Office of the Secretary of State evaluated the Skagit County Elections Department procedures and practices, as required by state law. The Secretary of State found that the Elections Department utilized certain best practices "that improve efficiency, accuracy, and voter services," but identified areas in which improvement was needed, such as the form of certain notices, communications with military and overseas voters, voting center signage and ballot box installation, procedures for updating ballot signatures and submitting provisional ballots, and Canvassing Board procedures and communications. Dkt. # 1 at 18-21. On August 1, 2019, Skagit County Auditor Sandra Perkins submitted a response, identifying the changes the Elections Department had implemented or was in the process of implementing to address each area of concern. Dkt. # 1 at 22-29. The County also made changes to the way ballot titles are finalized, a topic that came up in conversation with the reviewer. Dkt. # 1 at 30.

Plaintiffs allege that the problems cited in the 2019 report had been occurring for over ten years, and that the Secretary of State's "findings confirmed that past canvassing boards for past elections, such as 2016, 2017, and 2018, had violated the same laws and

neglected to properly perform their duties." Dkt. # 1 at ¶¶ 19-20. Plaintiffs allege that the failures identified in the Secretary of State's report (a) required the expenditure of "additional public resources, including those of the Plaintiffs, . . . to remedy the misconduct that has occurred" and (b) "damaged political candidates' campaigns by not providing a compliant election system." Dkt. # 1 a ¶¶ 22-23. Plaintiffs assert claims under state statutes, state rules, and federal acts that govern oaths of office, the administration of elections, and voter registration. Plaintiffs seek an award of damages from defendants in their individual capacities, leave of court to pursue payment of the damage award from the official bonds of defendants Perkins, Wesen, Janicki, and Weyrich, and referral of this matter to "an appropriate law enforcement agency for criminal investigation." Dkt. # 1 at 10-11.[1]

### DISCUSSION

**A. Motion to Dismiss Under Fed. R. Civ. P. 12(b)(1)**

The Skagit County defendants challenge plaintiffs' standing to pursue the claims they have asserted. "[S]tanding is an essential and unchanging part of the case-or-controversy requirement of Article III." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560

---

[1] In affidavits appended to the complaint, each plaintiff identifies his or her damages as:
  $250,000 for damages to me for violating their Oath as an Election official
  $10,000 for damages to me for Fraud Damages for each election they lied about
  $10,000 for damages to me for Falsification of each election Document[]
  $10,000 for damages to me [for] Conspiracy for each election[] they conspired in
  $2,000 for damages to me for each document that was perjured
and a "$25,000.00 a day assessment for each day, for each Defendant, beginning [on] the date of receipt of service of this lawsuit until they have resigned or been removed from office . . . ." *See, e.g.,* Dkt. # 1 at 65-66.

ORDER GRANTING THE SKAGIT COUNTY
DEFENDANTS' MOTION TO DISMISS AND GRANTING
LEAVE TO AMEND - 3

(1992). In order to establish a federal court's jurisdiction over a case or controversy, plaintiffs must show that they "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct ..., and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo v. Robins*, 578 U.S. 330, 338 (2016) (quoting *Lujan*, 504 U.S. at 560-61); *Perry v. Newsom*, 18 F.4th 622, 630 (9th Cir. 2021), *cert. denied sub nom*. *Hollingsworth v. Perry*, 143 S. Ct. 301 (2022)). A defendant challenging the Court's jurisdiction under Rule 12(b)(1) may do so either on the facts as alleged in the pleadings or by presenting extrinsic evidence of the true facts for the Court's consideration. *See Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004) ("A Rule 12(b)(1) jurisdictional attack may be facial or factual.").

While plaintiffs' affidavits claim that defendants' actions have caused them each over $280,000 in damages plus $25,000/day in continuing damages, there are no factual allegations supporting these bald assertions. There is no indication of any harm to plaintiffs' individual persons or interests. Rather, plaintiffs allege that the Skagit County defendants' failure to properly perform their duties has caused the expenditure of public resources to correct the missteps identified in the Secretary of State's report. To have standing, a litigant must seek relief for an injury that affects him in a "personal and individual way." *Lujan*, 504. U.S. at 560, n. 1. Plaintiffs do not have standing to assert claims based on the general concerns of the public at large: the Supreme Court has "repeatedly held that such a 'generalized grievance,' no matter how sincere, is insufficient to confer standing. A litigant 'raising only a generally available grievance about

government—claiming only harm to his and every citizen's interest in proper application of the Constitution and laws, and seeking relief that no more directly and tangibly benefits him than it does the public at large—does not state an Article III case or controversy.'" *Hollingsworth v. Perry*, 570 U.S. 693, 706 (2013) (quoting *Lujan*, 540 U.S. at 573-74).

Despite their demand for money "for damages to me," plaintiffs do not allege any facts showing how the practices and procedures used in the February 2019 special election (or in the 2016, 2017, or 2018 elections) caused them injury. At best, they allege that political candidates' campaigns have been impaired by the noncompliant election system, but they do not allege that any or all of them was a political candidate during the relevant time frame. Having failed to show that they have actually been injured by defendants' challenged conduct, Article III prevents federal courts from hearing their claims. *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc.*, 528 U.S. 167, 180 (2000). Even if plaintiffs have asserted viable state law claims that could be heard in a state court (an issue the Court declines to decide), they cannot litigate those causes of action in federal court absent a showing of the necessary injury in fact. *Lee v. Am. Nat. Ins. Co.*, 260 F.3d 997, 1001–02 (9th Cir. 2001).

Plaintiffs' only response to defendants' standing argument is to assert that their claims are meritorious, that an immediate remedy must be available for the statutory and regulatory violations identified by the Secretary of State, and that defendant Erik Pedersen, an attorney in the Skagit County Prosecutor's Office who has appeared on behalf of all of the Skagit County defendants, cannot represent anyone but himself in this matter. The

ORDER GRANTING THE SKAGIT COUNTY
DEFENDANTS' MOTION TO DISMISS AND GRANTING
LEAVE TO AMEND - 5

Court's determination that plaintiffs lack standing to assert claims based on the practice and procedural errors identified by the Secretary of State in 2019 does not turn on the hypothetical merits of such claims. It is entirely possible that an individual who had actually suffered an injury as a result of the errors could bring a lawsuit and obtain a remedy. The point is that these plaintiffs, having suffered no injury in fact, do not have a case or controversy that can be adjudicated by an Article III court. With regards to plaintiffs' on-going objections to Mr. Pedersen's representation of other Skagit County employees, the argument does not forestall or impact the evaluation of plaintiffs' standing. The Court has a *sua sponte* obligation to evaluate standing and to assure itself that it has the power to hear the dispute. *See Grupo Dataflux v. Atlas Global Group*, 541 U.S. 567, 593 (2004) ("It is the obligation of both district court and counsel to be alert to jurisdictional requirements."). Regardless whether Mr. Pedersen challenged plaintiffs' standing on his own behalf or on behalf of his clients, the subsequent analysis shows that plaintiffs lack an injury in fact, and the case must therefore be dismissed.

**B. Motion to Dismiss Under Fed. R. Civ. P. 12(b)(6)**

The question for the Court on a motion to dismiss is whether the facts alleged in the complaint sufficiently state a "plausible" ground for relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In the context of a motion under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008) (citation omitted). The

Court's review is generally limited to the contents of the complaint. *Campanelli v. Bockrath*, 100 F.3d 1476, 1479 (9th Cir. 1996). "We are not, however, required to accept as true allegations that contradict exhibits attached to the Complaint or matters properly subject to judicial notice, or allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010).

> To survive a motion to dismiss under Rule 12(b)(6), a complaint must allege "enough facts to state a claim to relief that is plausible on its face." []*Twombly*, 550 U.S. [at 570]. A plausible claim includes "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *U.S. v. Corinthian Colls.*, 655 F.3d 984, 991 (9th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Under the pleading standards of Rule 8(a)(2), a party must make a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). . . . A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). Thus, "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004).

*Benavidez v. Cty. of San Diego*, 993 F.3d 1134, 1144–45 (9th Cir. 2021). If the complaint fails to state a cognizable legal theory or fails to provide sufficient facts to support a claim, dismissal is appropriate. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010).

//

**1. Federal Claims – No Private Cause of Action**

For the reasons stated in the Skagit County defendants' motion, Dkt. # 11 at 8-9, plaintiffs' federal causes of action fail because the cited statutes do not give rise to a private cause of action.

**2. State Claims -- Statute of Limitations**

Defendants argue that, regardless whether the 2-year "catch all" statute of limitations in RCW 4.16.130 or the 3-year "other injury" statute in RCW 4.16. 080 applies, plaintiff's claims are untimely, having been filed more than three and a half years after Skagit County responded to the Secretary of State's report. In response, plaintiffs assert that the Skagit County defendants concealed from plaintiffs and all other Skagit County citizens the 2019 findings of the Secretary of State and that the statutory violations of which they complain are on-going. Dkt. # 13 at 3. These arguments are not supported by the allegations of the complaint or any extrinsic evidence. There are no facts – either alleged or shown -- suggesting that the 2019 report was not available to the public when it was issued, that the County Auditor hid her response to the Secretary of State, or that defendants failed to fix the deficits identified in the report. Based on the current record, plaintiffs' state law claims are time-barred.[2]

//

---

[2] In light of the over-arching problems with plaintiffs' complaint, the Court declines to do a claim-by-claim analysis of the state law claims under Rule 12(b)(6). Plaintiffs are advised, however, to consider defendants' challenges to their Seventh through Tenth Causes of Action (Dkt. # 11 at 9-11) when fashioning their amended complaint.

ORDER GRANTING THE SKAGIT COUNTY
DEFENDANTS' MOTION TO DISMISS AND GRANTING
LEAVE TO AMEND - 8

**C. Leave to Amend**

Plaintiffs may be able to (1) allege facts showing that they suffered an injury as a result of defendants' conduct that is distinct from the concerns and interests of the general public and (2) allege facts that might extend or toll the statute of limitation, such as actions of concealment or on-going violations. Because it is not "absolutely clear than no amendment can cure the defect[s]" identified in this Order, leave to amend is granted. *Walker v. Beard*, 789 F.3d 1125, 1139 (9th Cir. 2015) (citation omitted).

For all of the foregoing reasons, the Skagit County defendants' motion to dismiss is GRANTED. Plaintiffs may, within twenty-eight days of the date of this Order, file an amended complaint that remedies the defects identified in this Order. The amended complaint will supersede the original complaint in its entirety and must be a stand-alone document.

Dated this 16th day of May, 2023.

Robert S. Lasnik
United States District Judge