UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CODY HART, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> SKAGIT COUNTY AUDITOR SANDRA PERKINS, et al., <br><br> Defendants. | CASE NO. 2:23-cv-00404-RSL <br><br><br> ORDER DENYING MOTION FOR ATTORNEY'S FEES |

In two orders issued on May 16, 2023, and September 14, 2023, the Court dismissed plaintiffs' claims, finding that plaintiffs lacked standing to seek relief, that the federal statutes they cited do not give rise to a private cause of action, that their state law claims were time-barred, and that plaintiffs could not recover on the Skagit County defendants' bonds where there was no viable claim against the County defendants. Dkt. # 44 and # 53. Defendant RLI Insurance Company now seeks an award of attorney's fees pursuant to RCW 4.84.185, the Court's equitable powers, and 28 U.S.C. § 1927. Dkt. # 61.

**A. RCW 4.84.185**

RCW 4.84.185 provides for an award of reasonable expenses, including attorney's fees, if a claim or defense is "frivolous and advanced without reasonable cause." Under *Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938), attorney's fees may be awarded under state law only if they are part of the state's substantive, rather than procedural, requirements.

"[W]hen fees are based upon misconduct by an attorney or party in the litigation itself, rather than upon a matter of substantive law, the matter is procedural" and the Court must look to federal law to determine the appropriate sanction. *In re Larry's Apartment, L.L.C.*, 249 F.3d 832, 838 (9th Cir. 2001). When an attorney appears in federal court, she is acting as an officer of that court, and sanctions, if imposed at all, must comport with the policies and procedures delineated under federal law. *Id*. It would be "quite anomalous to suggest that a federal court must look to the . . . state legislature to vindicate an abuse of the federal judicial power." *People by Abrams v. Terry*, 45 F.3d 17, 23 (2nd Cir. 1995).

Because RCW 4.84.185 is inapplicable, RLI's request for fees under that statute must be denied.

**B. 28 U.S.C. § 1927**[1]

Pursuant to 28 U.S.C. § 1927, "[a]ny attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof[2] who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." Fees are appropriate under § 1927 if party "knowingly or recklessly raises a frivolous argument, or argues a [ ] claim for the purpose of harassing an opponent, which qualifies as bad faith." *Caruso v. Wash. State Bar Ass'n*, 2017 WL 2256782, at *3 (W.D. Wash. May 23, 2017) (quoting *W. Coast Theater Corp. v. City of Portland*, 897 F.2d 1519, 1528 (9th Cir. 1990)). Actions taken "with the intent to increase expenses ... or delay" may also constitute bad faith worthy of sanctions. *Nielsen v. Unum Life Ins. Co. of Am.*, 166 F. Supp. 3d 1193, 1195 (W.D. Wash. 2016) (citing *NewAlaska*

---

[1] Where there is a statute or rule that addresses the conduct at issue, the Court should ordinarily rely on that authority before turning to its inherent powers. *See Chambers v. NASCO, Inc*., 501 U.S. 32, 50 (1991). The Court will, therefore, first determine whether § 1927 is "up to the task" in the circumstances presented here before turning to its inherent powers. *Id.*

[2] "Section 1927 sanctions may be imposed upon a pro se plaintiff." *Wages v. I.R.S.*, 915 F.2d 1230, 1235–36 (9th Cir. 1990).

ORDER DENYING MOTION FOR ATTORNEY'S FEES - 2

*Dev. Corp. v. Guetschow*, 869 F.2d 1298, 1306 (9th Cir. 1989)). However, the statute "applies only to unnecessary filings and tactics once a lawsuit has begun" and cannot be used to attack the initial complaint. *In re Keegan Mgmt. Co. Sec. Litig.*, 78 F.3d 431, 435 (9th Cir. 1996).

RLI cannot recover fees incurred because plaintiffs filed this lawsuit or asserted meritless claims. Rather, RLI must identify post-filing conduct that (1) was unreasonable and vexatious and (2) caused it to incur unnecessary expense. The two motions for default, the motion to strike, and the motion for disciplinary action were all aimed at parties other than RLI, and there is no indication that RLI incurred any "excess" fees as a result of those filings. The motion for leave to pursue recovery out of the Skagit County defendants' official bonds did require RLI to respond, but it was filed before the Court had determined that the Skagit County defendants were not liable. The motion was not, at the time it was filed, unreasonable or vexatious and cannot, therefore, be the basis of a fee award under Section 1927.

**C. Inherent Powers**

"Federal courts possess certain 'inherent powers,' not conferred by rule or statute, 'to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 107 (2017) (quoting *Link v. Wabash R. Co.*, 370 U.S. 626, 630-31 (1962)). The Court's inherent powers include "the ability to fashion an appropriate sanction for conduct which abuses the judicial process." *Chambers*, 501 U.S. at 44-45. RLI argues that plaintiffs have pursued "the same frivolous claims . . . over and over again in state and federal court, that there is a "clear record of Plaintiffs' vexatious litigation conduct," and that sanctions are therefore warranted in this case. Dkt. # 61 at 8.

Contrary to RLI's assertion, this case involved unique and distinct assertions of wrongdoing against the Skagit County defendants. None of the other lawsuits were based

on the allegation that the Skagit County defendants had violated state and federal law by neglecting to properly perform duties related to the 2016-2019 election cycles. Seeking judicial resolution of that claim was not an abuse of the judicial process.

For all of the foregoing reasons, RLI's motion for attorney's fees (Dkt. # 61) is DENIED. Plaintiffs' motion for more information regarding the request for attorney's fees (Dkt. # 59) is DENIED as moot.

Dated this 3rd day of November, 2023.

Robert S. Lasnik
United States District Judge