UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CODY HART, *et al.*,

        Plaintiffs,

   v.

SKAGIT COUNTY AUDITOR SANDRA PERKINS, *et al.*,

        Defendants.

CASE NO. 2:23-cv-00404-RSL

ORDER DENYING MOTION FOR RECONSIDERATION

This matter comes before the Court on "Plaintiffs' Motion for Reconsideration in Light of Newly-Discovered Evidence" under Federal Rules of Civil Procedure 59(e), 60(b), and 60(d). Dkt. # 69. Plaintiffs filed this lawsuit on March 17, 2023, regarding actions certain Skagit County officials took or failed to take with regards to the 2016-2019 election cycles. Plaintiffs alleged that the Skagit County defendants violated federal and state law "by not properly performing their duties to oversee and conduct legal elections, falsely certif[ying] election results, and then further violat[ing] the law by concealing material facts about their misconduct, betraying their obligation to uphold the Laws of the United States of America and the United States Constitution[,] betraying the public trust[,] and breaching the condition of their official bond." Dkt. # 1 at ¶ 2. Plaintiffs sought the right to recover damages from the individual defendants and under their "Official Bonds," as well as an order "referring this matter to an appropriate law enforcement agency for

criminal investigation." Dkt. # 1 at 10-11. The claims were ultimately dismissed for lack of standing and/or under Rule 12(b)(6). Dkt. # 44 at 5.

The case quickly devolved into a fight regarding whether defense counsel had the legal authority to represent the Skagit County defendants in this matter. *See* Dkt. # 13 at 2 (asserting that defendant Erik Pedersen's representation was without authorization); Dkt. # 15 (motion for entry of default against the Skagit County Commissioners because Mr. Pedersen was not properly authorized to represent them); Dkt. # 23 (motion to strike all documents submitted by Mr. Pedersen); Dkt. # 24 (motion accusing Mr. Pedersen and Mr. Weyrich of fraud for representing the other defendants in this matter before funds had been allocated for the representation and requesting disciplinary action). In multiple orders, the Court attempted to make clear that the undersigned was not interested in delving into the details of Mr. Pedersen's retention as counsel where he had appropriately filed a notice of appearance and his clients raised no objection to the representation. *See* Dkt. # 33; Dkt # 43; Dkt. # 44 at 6; Dkt. # 45.

Throughout the litigation, plaintiffs also asserted that certain individual defendants did not have valid bonds in place after January 1, 2023. *See* Dkt. # 1-3 (asserting that defendants Richard Weyrich, Lisa Janicki, Ron Wesen, and Sandra Perkins had failed to give the County Clerk a copy of their official bonds); Dkt. # 13 at 2 (accusing defendant Richard Weyrich of "masquerading as a public official" in the absence of a valid bond); Dkt. # 56 at 4-6 (asserting that defendants Lisa Janicki, Peter Browning, Ron Wesen, Richard Weyrich, Sandra Perkins, and Donald McDermott improperly conducted official business after January 1, 2023, without having a bond in place). The relevance of these assertions was never made clear, however. Plaintiffs filed this lawsuit alleging malfeasance in the 2016-2019 election cycles and seeking to recover on the bonds that were in place at the time. Dkt. # 1 at 41-59. The existence or non-existence of a bond covering the period after January 1, 2023, therefore appeared to be irrelevant to the claims alleged or the relief

ORDER DENYING MOTION FOR RECONSIDERATION - 2

requested. The only possible connection to the litigation was plaintiffs' argument that, in the absence of a valid bond, the individual defendants lacked the authority to retain Mr. Pedersen as counsel in this matter. As discussed above, the Court has declined and continues to decline plaintiffs' invitation to second guess defendants' choice of counsel or to delve into the procedural aspects of his retention.

In their motion for reconsideration, plaintiffs assert that they recently discovered evidence that defendant Lisa Janicki did not have an "Official Bond" in place from January 1, 2023, to December 13, 2023, when a "Public Official Bond Rider" was issued that retroactively covered Ms. Janicki. Plaintiffs further assert that Mr. Weyrich attempted to hide the bond defect by reporting on December 27, 2023, that "No defect in bonds exist," that Mr. Pedersen concealed the lack of a bond so that he could benefit financially from his retention as counsel in this case, and that Ms. Janicki and RLI Insurance failed to disclose the lapse in bond coverage. Plaintiffs argue that, in the absence of a valid and official bond, the Commissioners had no lawful authority to contract with Mr. Weyrich or Mr. Pedersen for the provision of legal services. Plaintiffs acknowledge that they have "always questioned the qualifications of Skagit County officials involved in this case and if it were lawful for Attorney Erik Pedersen to provide legal services for Defendants," Dkt. # 69 at 2, and argue that the "newly-discovered evidence . . . dramatically alters the contours of this case and compels reconsideration of the Court's Opinion in light of new facts and evidence previously unavailable that exposes fraud, perjury, misrepresentation, or misconduct by the Defendants," Dkt. # 69 at 1.

**A. Rule 59**

The Court has broad discretion to reconsider and alter a judgment under Federal Rule of Civil Procedure 59. *McDowell v. Calderon*, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999) (*en banc*) (*per curiam*) (internal quotation marks omitted). The Court will change its judgment under Rule 59 only: (1) to correct "manifest errors of law or fact" on which the

ORDER DENYING MOTION FOR RECONSIDERATION - 3

judgment rests, (2) when presented with newly discovered or previously unavailable evidence, (3) to prevent manifest injustice, or (4) due to "an intervening change in controlling law." *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011). A motion to alter or amend a judgment must be filed within 28 days of the entry of judgment. Plaintiffs' motion for relief under Rule 59 was filed more than seven months after judgment was entered and must, therefore, be denied as untimely.

**B. Rule 60(b)**

Rule 60(b) "permits 'a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances.'" *Kemp v. United States*, 596 U.S. 528, 533 (2022) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005)). A party may seek relief under that rule based on: "(1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . . misrepresentation, or misconduct by an opposing party; . . . ; or (6) "any other reason that justifies relief." Fed. R. Civ. P. 60(b).

"Relief from judgment on the basis of newly discovered evidence is warranted if (1) the moving party can show the evidence relied on in fact constitutes 'newly discovered evidence' within the meaning of Rule 60(b); (2) the moving party exercised due diligence to discover this evidence; and (3) the newly discovered evidence must be of 'such magnitude that production of it earlier would have been likely to change the disposition of the case.'" *Feature Realty, Inc. v. City of Spokane*, 331 F.3d 1082, 1093 (9th Cir. 2003) (quoting *Coastal Transfer Co. v. Toyota Motor Sales, U.S.A., Inc.*, 833 F.2d 208, 211 (9th Cir. 1987)). Plaintiffs cannot satisfy the second or third element for relief under Rule 60(b)(2). Plaintiffs spent the majority of the litigation seeking to disqualify Mr. Pedersen as counsel for defendants on the theory that the Commissioners' actions in appointing him were *ultra vires* and invalid because one or more of them did not have an official bond in

ORDER DENYING MOTION FOR RECONSIDERATION - 4

place. The argument was asserted in almost every document submitted since April 10, 2023, and yet plaintiffs waited until February 2024, seven months after judgment was entered, to request that RLI verify the existence or non-existence of the Commissioners' bonds. Because they should have and could have made that request while this matter was pending, plaintiffs cannot show that they exercised due diligence to discover the evidence on which their motion for reconsideration relies. Nor is the new evidence of "such magnitude that production of it earlier would have been likely to change the disposition of the case." *Coastal Transfer*, 833 F.2d at 211. Plaintiffs' claims were dismissed for lack of standing and failure to assert a plausible claim for relief. How, when, why, and under what terms Mr. Pedersen was retained to represent the Skagit County defendants had no bearing on the Court's determination that plaintiffs' claims were not viable. Relief is not available under Rule 60(b)(2).

To prevail on a motion under Ruel 60(b)(3), "the moving party must prove by clear and convincing evidence that the verdict was obtained through fraud, misrepresentation, or other misconduct and the conduct complained of prevented the losing party from fully and fairly presenting the defense*.*" *Casey v. Albertson's Inc*, 362 F.3d 1254, 1260 (9th Cir. 2004) (quoting *De Saracho v. Custom Food Machinery, Inc*., 206 F.3d 874, 880 (9th Cir. 2000)). There is no indication that Mr. Pedersen or Mr. Weyrich made any representations regarding Ms. Janicki's bond status, much less clear or convincing evidence that they knew the representation was false or relied upon the representation when seeking judgment in this matter. Even if Ms. Janicki and/or RLI Insurance knew that her bond had expired, the absence of a bond after January 1, 2023, does not change the fact that plaintiffs' claims failed as a matter of law.

ORDER DENYING MOTION FOR RECONSIDERATION - 5

**C. Rule 60(d)**

Under Rule 60(d), relief from judgment requires a showing of fraud *on the court* and is "available only to prevent a grave miscarriage of justice." *United States v. Beggerly*, 524 U.S. 38, 47 (1998). The Ninth Circuit has emphasized that:

> "not all fraud is fraud on the court." *In re Levander*, 180 F.3d 1114, 1119 (9th Cir. 1999). "In determining whether fraud constitutes fraud on the court, the relevant inquiry is not whether fraudulent conduct 'prejudiced the opposing party,' but whether it 'harmed the integrity of the judicial process.'" *Estate of Stonehill*, 660 F.3d at 444 (internal alterations omitted) (quoting Alexander v. Robertson, 882 F.2d 421, 424 (9th Cir. 1989)). Fraud on the court must be an "intentional, material misrepresentation." *In re Napster, Inc. Copyright Litig.*, 479 F.3d 1078, 1097 (9th Cir. 2007), *abrogated on other grounds by Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100 (2009). Thus, fraud on the court "must involve an unconscionable plan or scheme which is designed to improperly influence the court in its decision." *Pumphrey v. K.W. Thompson Tool Co.*, 62 F.3d 1128, 1131 (9th Cir. 1995) (quoting *Abatti v. Commissioner*, 859 F.2d 115, 118 (9th Cir. 1988)).

*United States v. Sierra Pac. Indus., Inc.*, 862 F.3d 1157, 1167–68 (9th Cir. 2017). Because Ms. Janicki's bond status in 2023 was not relevant to any of the issues decided by the Court, the failure to disclose that the bond had expired did not harm the integrity of the judicial process.

//

//

For all of the foregoing reasons, plaintiffs' motion for reconsideration is DENIED.

DATED this 30th day of April, 2024.

_____
Robert S. Lasnik
United States District Judge

ORDER DENYING MOTION FOR RECONSIDERATION - 7